## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **v.**                              **Criminal Action No. 2:13cr24**

**MEGAN ROHRBAUGH,**
         **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Megan Rohrbaugh, in person and by counsel, Dwight R. Hall, appeared on September 19, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Four of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Both counsel agreed that the current agreement was the sole offer made to Defendant. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with her understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written

Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Megan Rohrbaugh, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Four of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting in the distribution of oxycontin. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to up to at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of her guilty plea. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct:    Did you and Mr. Hall discuss, and do you understand from that discussion, that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals provided that you give notice of your intent to appeal within 14 days?

Def:    Yes.

Ct:    Did you and Mr. Hall discuss, and do you understand from that discussion that you may collaterally attack your sentence and how it was calculated by filing what is commonly called a writ of habeas corpus-type motion under Title 28 United States Code Section 2255?

Def:    Yes.

Ct:    Did you understand that if the district judge imposes a sentence, whether it be a guideline sentence - - based on a guideline sentence or sentencing scheme – if he imposes a sentence of probation, then you give up your right to directly appeal that conviction and that sentence?

Def:    Yes.

Ct:    And you give up your right to collaterally attack that sentence?

Def:    Yes, sir.

Ct:    And you fully understand you were conditionally waiving those rights under paragraph 13 and
       14 of your agreement?

Def:    Yes.

From the foregoing colloquy the undersigned determined that  Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge  inquired of  Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and  determined that  Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Four of the  Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the  pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Four of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report.  The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised  Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a

sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant further stated she understood that if she believed her counsel had projected a sentence or range of imprisonment during the process of explaining the guidelines and guideline chart, such projection is not a guarantee or promise of her counsel that the district judge would impose that as the sentence. Defendant further stated she understood that failure to receive any sentence that may have been so projected by her counsel would not be a basis for her to withdraw her guilty plea, directly appeal her conviction, or to collaterally challenge the plea, conviction and sentence.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons. She also understood that, even if the United States recommends the Court's sentencing order include a recommendation that Defendant participate in the BOP Residential Drug Abuse Program, there was no guarantee the District Judge would agree. Further, even if the District Judge does recommend her participation in the program, there is no guarantee the BOP will place her in that program or that she would receive the benefit of that program. She stated that she understood failure to receive the RDAP program or its benefits would not be a basis to directly appeal or collaterally challenge her conviction and sentence..

Thereupon, Defendant, Megan Rohrbaugh, with the consent of her counsel, Dwight R. Hall, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Four of the Indictment.

The Court heard the testimony of West Virginia State Trooper Corporal Kessel, who testified he is assigned to the Bureau of Criminal Investigations. On July 18, 2012, officers in Petersburg, Grant County, West Virginia, utilized a Confidential Informant ("CI") to purchase oxycontin from Defendant's co-defendant Leonardo Rodriguez. The CI went to Rodriguez' residence and talked to him about purchasing two Percocets (oxycodone). Rodriguez said he did not have any at the time, and called someone to bring some over to his residence. Defendant arrived shortly after and put two tablets in the CI's hand in exchange for $80.00. The transaction was recorded. Laboratory testing indicated the two tablets were oxycodone. There was only one controlled buy from Defendant.

The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Four of the Indictment is supported by the testimony of Cpl. Kessel.

Defendant stated she agreed with Cpl. Kessel's testimony, except that she received a total of $90.00, the ten additional dollars coming from Rodriguez.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Four of the Indictment; Defendant understood the consequences of her plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Four of the Indictment; and Defendant's plea is independently supported by the testimony of Cpl. Kessel, which

provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Four of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Four of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: 20 September 2013.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE